FILED
SUPERIOR COURT
OF GUAM

2024 MAR 15 PM 4:45

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>v.<br><br><br>SHAWN MICHAEL BLAS SANTOS,<br>DOB: 06/17/1987,<br><br>Defendant. | CRIMINAL CASE NO. CF0681-19<br><br><br>**AMENDED DECISION AND ORDER**<br>*Re: People's Motion to Revoke Defendant's Probation* |

This matter came before the Honorable Arthur R. Barcinas on October 5, 2023, for a hearing on the People's Motion to Revoke Defendant's Probation. Defendant Shawn Michael Blas Santos ("Defendant") was present with counsel Assistant Public Defender Zachary Taimanglo. Assistant Attorney General Renaida San Nicolas appeared on behalf of the People of Guam ("the People").

## BACKGROUND

On August 18, 2021, Defendant pled guilty to: (1) Attempted Theft (as a 3rd Degree Felony) on Information; (2) Criminal Trespass (As a Misdemeanor) on Information, and; (3) Criminal Trespass (As a Misdemeanor. As part of his plea agreement, Defendant was sentenced to five (5) years of incarceration, all but three (3) years suspended, with credit for time served. Defendant also agreed to pay plus court costs, and full restitution, in an amount to be

determined at a restitution hearing. As part of his plea agreement, Defendant also agreed to be placed on supervised probation for a period of three (3) years with various conditions, including to:

1. Report to Guam Behavioral Health and Wellness Center ("GBHWC") for intake and drug/alcohol assessment, and to follow all treatment plans as may be recommended by GBHWC;

2. Report to the Probation office once a month in person or as ordered;

3. Comply with all court orders, and;

4. Obey all federal and local laws of Guam.

On November 3, 2021, the Court accepted the plea agreement, sentenced the Defendant accordingly, and filed the Judgment of Conviction. The Judgment of Conviction also provided that failure of the Defendant to follow all conditions of his probation could result in a hearing to revoke probation at which time the Court could impose any sentence that may have been imposed originally

On July 5, 2022, Probation filed a First Violation Report, advising that Defendant failed to comply with probation conditions, in that he: (1) failed to report to the Probation office for intake and processing after being released from the Department of Corrections on May 27, 2022; (2) failed to report to the Lighthouse Recovery Center; (3) failed to attend the Recovery Oriented Systems of Care program, and; (4) failed to inform Probation of a change of address.

On September 26, 2022, Probation filed a Second Violation Report, again advising that Defendant had failed to comply with probation conditions by committing new crimes resulting in changes filed against Defendant in Criminal Case No. CF0581-22. The next day, on September 27, 2022, the People filed their Motion to Revoke Defendant's Probation

("Motion"). On December 12, 2022, Defendant filed his opposition to the Motion. On October 5, 2023, the Court held a revocation hearing on the Motion. After hearing arguments from both parties, the Court ordered that Probation verify information provided by Defendant and file an Informational Report by October 10, 2023. The Court subsequently took the matter under advisement.

Probation filed the Informational Report on October 6, 2023, indicating that Defendant attempted to contact Probation once by phone on June 2, 2023, Defendant was informed to report to the Probation Office on June 5, 2023, Defendant was given the direct office number to Probation Officer Jim Rebujio, and Defendant acknowledged his understanding that he was to come into the Probation Office, but Officer Rebujio did not receive any phone call or voicemail from Defendant afterward.

## DISCUSSION

9 GCA § 80.66, which governs probation revocation proceedings, provides, in relevant part, that:

> (a) At any time before the discharge of the offender or the termination of the period of suspension or probation:
>
> (1)    upon a showing of probable cause that an offender has violated a condition of his suspension or probation, the court may summon the offender to appear before it or may issue a warrant for his arrest[, and] ...
> (2)    the court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

9 GCA § 80.66(a)(1)-(2). (2023).

Probation revocation is a two-step process. *Guam v. Camacho*, 2009 Guam 6 ¶ 27. First, the trial court must make a factual determination that a violation of a condition of probation actually has occurred. *Id.* If a violation is proven, then the court must determine if the violation warrants revocation of the probation. *Id.* A defendant's violation of probation warrants revocation where the violation upsets the intent of the probation conditions. *Id.* ¶ 31.

The goal of a revocation hearing is not to decide guilt or innocence, but to determine whether the defendant remains a good risk for probation. *Id.*; *People v. Manila*, 2005 Guam 6 ¶ 13. The standard of proof required at a probation revocation hearing is that the evidence and the facts be such as reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation. *People v. Angoco*, 1998 Guam 10 ¶ 8 The trial court's decision to revoke probation must be based on credible evidence, but the defendant bears the burden of showing an excuse for the failure to comply with the conditions. *Camacho*, 2009 Guam 6 ¶ 30.

The People allege that Defendant "has failed to follow through with the terms of probation, and he has done so willfully," and that Defendant has "made it apparent that he does not respect the court's orders and terms of the agreement which he agreed to and sees the terms of probation as optional rather than mandatory." Mot., at 2. Defendant argues that his violation and subsequent return of warrant "occurred sufficiently early in his three-year probation such that he may still complete his conditions." Opp., at 3. Defendant further argues that, with regard to his new charges under CF0581-22, Defendant is entitled to the presumption of innocence, and the People's reliance on said charges as a factor should not be considered. *Id.*

After reviewing the record and hearing the arguments, the Court finds that, based on the length of Defendant's inaction in meeting the terms of his probation, his failure to explain his

inability or delay in meeting said terms, and the state of his charges under CF0581-22, Defendant is not sufficiently interested in his freedom so as to outweigh the state's interest in insuring his rehabilitation and the public safety. Probation is a favor granted by the state, not a right to which Defendant is entitled. *Camacho*, 2009 Guam 6 ¶ 26.

### CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the People's Motion to Revoke Defendant's Probation. Defendant's probation is hereby **REVOKED** and Defendant is sentenced to five (5) years of incarceration at the Guam Department of Corrections, with credit for time served.

**SO ORDERED** _____MAR 1 5 2024_____.

_____
**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

**SERVICE VIA EMAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

___AG, PDSC___

Date: 3|15|24 Time: 4:50
Canleró  @

Deputy Clerk, Superior Court of Guam